The Honorable Ricardo S. Martinez

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JAN 30 2025 MH

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ZACHARY HOLTZMAN,<br><br>Plaintiff,<br><br>v.<br><br>NEW WAVE GROUP, *et al.*,<br><br>Defendants. | CASE NO. 2:23-cv-01837-RSM<br><br>**FILED UNDER SEAL**<br><br>Noted for Consideration on:<br>January 30, 2025 |

**UNITED STATES' *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE**

The United States of America respectfully applies to the Court *ex parte* for an Order extending for six months, or until August 11, 2025, the period during which the United States will determine whether or not to intervene in this case and for an extension of time during which this case will remain under seal. Relator's counsel has been consulted and concurs with this request.

**PROCEDURAL HISTORY**

On or about November 29, 2023, Relator Zachary Holtzman filed a Complaint under seal pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729–33 (FCA), which permits individuals to file actions on behalf of the United States. *Id.* § 3730. Relator completed service on the United States on or about December 11, 2023. On April 8, 2024, Relator filed a First



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Amended Complaint, naming the previously unidentified defendants and included additional facts or claims. Following completion of service of a *qui tam* action on the United States, the FCA affords the government an initial sixty-day period to investigate Relator's allegations and determine whether to intervene in and assume prosecution of the action. *Id.* §§ 3730(a), (b)(2). Here, the government's initial sixty-day period expired on February 9, 2024. The FCA expressly contemplates that the government's initial sixty-day investigative period may be extended more than once upon a showing by the United States of "good cause." *Id.* § 3730(b)(3). This is the government's third request for an extension of the seal in this matter, the current intervention deadline is February 10, 2025.

## RELATOR'S ALLEGATIONS

According to the Complaint, Relator is a resident of the Commonwealth of Pennsylvania with allegations based on personal knowledge of large-scale corporate fraud. Compl. at ¶¶ 1, 4. At the time of filing the Complaint, Relator did not specifically name an individual and/or company as defendant(s). Relator further alleged that John Doe Defendants falsely used the name of an individual living in Pennsylvania to apply for the loan. *Id.* at ¶¶ 29, 32.

On April 8, 2024, Relator filed a First Amended Complaint, identifying the following entities as now named Defendants in this matter: New Wave Group; New Wave Group USA Inc.; Cutter & Buck Direct LLC; Ahead LLC; Orrefors Kosta Boda LLC; Craft Sportswear Na, LLC; and Tournament Solutions LLC. Am. Compl. at ¶¶ 5–27. Additionally, Relator included new facts or claims, including but not limited to, alleged omissions regarding Defendants' number of employees on Paycheck Protection Program (PPP) loan applications. Am. Compl. at ¶¶ 74, 76. Relator further alleged Defendants collectively received PPP loans in the sum of $6,387,360, and the loans were partially forgiven in the amount of $5,299,797. Am. Compl. at ¶¶58–72.

Relator's new allegations include that Defendants were domestic entities and subsidiaries of



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

New Wave Group AB[1], a Swedish-based company, dealing with retail companies and apparel products. Compl. at ¶¶ 27–37. Relator further alleges that Defendants made false statements to the federal government to obtain federally-funded loans through the PPP, in violation of the FCA. *Id.* In particular, Relator alleges that Defendants did not disclose their affiliation with each other and with their foreign corporate owner. If they had, Relator alleges that the United States Small Business Administration (SBA) would not have approved their PPP loan applications or subsequently forgiven those loans, because combined the affiliated companies had too many employees to be eligible for the PPP program. Am. Compl. at ¶¶73–77.

The PPP was a federal program added under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, a federal law passed in March 2020 and proposed as a $2.2 trillion economic stimulus bill. One benefit provided by the CARES Act was the authorization of forgivable loans to small businesses through the PPP. Around April 2020, Congress authorized additional funding, also known as the PPP second draw. The purpose of the PPP loans, and subsequent loan forgiveness, were to provide economic relief to small businesses and certain other entities that had been adversely impacted by the COVID-19 pandemic.[2]

The program was implemented by the SBA with support from the U.S. Department of the Treasury. The program intended to provide small businesses with funds to pay for up to eight weeks of payroll costs including benefits. Funds could have also been used to pay interest on mortgages, rent, and utilities. Additionally, PPP allowed for total loan forgiveness, principal, and interest, if the funds were used within a certain timeframe and a certain percentage used for payroll expenses.

To obtain a PPP loan, an eligible borrowing business must have submitted a PPP loan

---

[1] https://www.newwave.se/varumarken/cutter-and-buck/.

[2] The loans were authorized under sections 7(a)(36) of the Small Business Act (15 U.S.C. § 636(a)(36), and the PPP second draw under section 7(a)(37) of the Small Business Act, 15 U.S.C. § 636(a)(37).



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

application signed by an authorized representative of the business. The PPP loan application required the borrower/applicant to acknowledge the program rules and make certain certifications to be eligible and to obtain the PPP loan. Within the application, a small business, including sole proprietorships, must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. This data was used to calculate the amount of money the small business was eligible to receive under the PPP. Additionally, businesses applying for a PPP loan must provide supporting documentation, including but not limited to payroll and business expenses. A PPP loan application must have been processed by a participating financial institution acting as the lender, who transmitted the borrower/applicant's data directly to the SBA. If a PPP loan application was approved, the participating financial institution funded the PPP loan using its own funds, which were 100% guaranteed by the SBA.

Here, Relator alleges Defendants violated the FCA by improperly obtaining government funding, by failing to disclose related business entities on their PPP loan applications, and by receiving subsequent loan forgiveness. Relator alleges that on April 9, 2020, Defendants received a PPP loan for $4,018,250, and on the loan application, Defendants falsely certified their eligibility to receive a PPP loan by stating that Defendants operated a sole proprietorship, employed 297 people, and held an office at 101 Elliott Ave West Suite 100, Seattle, Washington. *See* Compl. at ¶¶ 30, 31.

## THE GOVERNMENT'S INVESTIGATION

To date, the United States has reviewed Relator's Complaint, the documentation submitted by Relator's counsel in support of the allegations, has interviewed the Relator, and continues to work with its investigative team to evaluate the documentation and evidence. We have obtained and reviewed most of the relevant information about the loan applications at issue and additional related information about the Defendants' business structures and relationships. Prior to filing Relator's



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Complaint in this matter, Relator filed a *qui tam* Complaint in the United States District Court for the Eastern District of Pennsylvania, *United States ex rel. Zachary Holtzman v. Kevin McClellan*, Civil Case No. 2:23-cv-00875-JP. The Defendant, Kevin McClellan, worked with the U.S. Attorney's Office in that district and has stated he was the victim of identity theft. Available information demonstrated that relevant financial institutions were located in this district. The United States declined intervention in the Eastern District of Pennsylvania and on November 6, 2023, the case was dismissed by the Court and refiled by Relator here. The United States and SBA then investigated any reported identity theft and determined there was no such issue. Relator then amended the Complaint again, as indicated above, and the United States has been investigating these allegations and working with appropriate government subject-matter experts to understand the validity of the allegations.

Since the last seal extension SBA issued administrative subpoenas to New Wave Group and potentially affiliated companies. Those companies have acknowledged the subpoenas and indicated they intend to fully respond to them, but they have asked for various extensions in order to do so. SBA anticipates receiving returns in the near future and will then analyze the information and inform our office regarding any concerns it may have regarding the Relator's allegations.

If the Court grants this Application, the United States and its investigative team intends to continue its investigation, work with SBA to continue to collect and review relevant PPP documents, loan applications, and information about New Wave Group, and issue any further subpoenas that may be necessary.

Because the United States' investigation is at a relatively early stage, the extension of the seal period sought in this Application is necessary to permit the United States to conduct a thorough investigation of Relator's allegations and reach an informed decision on whether to intervene in this matter. As noted at the outset, Relator's counsel has been consulted and has no objection to this



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

request for additional time.

## ARGUMENT AND AUTHORITIES

The FCA expressly contemplates extensions of time to make intervention decisions in *qui tam* actions upon a showing of "good cause." *See* 31 U.S.C. § 3730 (b)(3) (stating that the United States "may, for good cause shown, move the court for extensions of time"). Congress thus recognized that the government may require additional time to sufficiently investigate FCA allegations before deciding whether to assume control over such actions and included specific provisions in the statute that authorized courts to extend the seal for good cause shown. *See* 31 U.S.C. § 3730(b)(2) to (4).

The U.S. Judicial Conference (the "Conference") has recognized and accepted that it may take the government several years to complete an FCA investigation. In 2015, the Conference amended the reporting requirements of the Civil Justice Reform Act for cases on the "three-year list." The amendment changed the pending date for *qui tam* cases from the original filing date to the date the case is unsealed. Of significance, in considering the justification for the proposed amendment, the Conference noted that the investigative and intervention process in FCA *qui tam* cases "can be lengthy." *See* "Report of the Proceedings of the Judicial Conference of the United States," at 10–11 (March 10, 2015). For the reasons set forth above, the government contends that the "good cause" standard is satisfied in this case.

The United States also respectfully requests that the Court order that the Complaint and other filings be kept under seal through August 11, 2025, unless otherwise ordered by the Court. Such an extension of the seal is contemplated by, and consistent with, the express terms of the FCA. *See* 31 U.S.C. § 3730(b)(3).



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

Accordingly, the United States requests that the Court enter an Order extending for six months, until and including August 11, 2025, the period for the government to make its decision whether to intervene in this case and providing that during this time the case will remain under seal.

Dated this 30th day of January, 2025.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

NICKOLAS BOHL, WA #48978
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4067
Email: nickolas.bohl@usdoj.gov

*Attorneys for the United States of America*

I certify that this memorandum contains 1,788 words, in compliance with the Local Civil Rules.